## **Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re: : Chapter 11
:
ELETSON HOLDINGS INC., et. al., : Case No. 23-10322 (JPM)
:
Debtors.[1] : (Jointly Administered)
---------------------------------------------------------------x

# ORDER (I) AUTHORIZING ADAM SPEARS TO ACT AS FOREIGN REPRESENTATIVE OF REORGANIZED HOLDINGS AND (II) GRANTING RELATED RELIEF

Upon the motion (ECF Docket No. 1269) (the "Motion")[2] of Reorganized Eletson Holdings Inc., the reorganized debtor in its above-captioned Chapter 11 proceeding ("Reorganized Holdings"), for entry of an order (this "Order") substantially in the form attached to the Motion (the "Proposed Order"), authorizing, but not directing Adam Spears to act on behalf of Reorganized Holdings to (a) seek recognition of the Chapter 11 Case in Liberia and Greece, as necessary, as well as any of the orders entered by the Bankruptcy Court in the Chapter 11 Case, including but not limited to the Confirmation Order, and (b) upon recognition, seek any other appropriate relief that is just and proper in furtherance of the protection of Reorganized Holdings, all as set forth more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these cases are: Eletson Holdings Inc., Eletson Finance (US) LLC, and Agathonissos Finance LLC. The address of the Debtors' corporate headquarters is 118 Kolokotroni Street, GR 185 35 Piraeus, Greece. The Debtors' mailing address is c/o Eletson Maritime, Inc., 1 Landmark Square, Suite 424, Stamford, Connecticut 06901.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the Court having reviewed the Motion and heard the statements of counsel at the hearing on the Motion held on December 16, 2024 (the "Hearing") and determined that the legal and factual bases set forth in the and at the record of the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested is in the best interests of Reorganized Holdings, the creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.   The relief requested in the Motion is hereby GRANTED, in part, as set forth herein.

2.   The Chapter 11 Case constitutes "foreign proceedings" as that term is used in Article II(a) of the Model Law on Cross-Border Insolvency adopted by the United Nations Commission on International Trade Law.

3.   Pursuant to section 1505 of the Bankruptcy Code, Mr. Spears (the "Foreign Rep.") is hereby authorized to act as the sole "foreign representative" solely on behalf of Reorganized Holdings in Liberia and Greece and solely for the purpose of seeking (or supporting any applications seeking) recognition of the Confirmation Order entered in this Chapter 11 Case in Liberia and Greece.

4.   Any court, tribunal, regulatory body, or administrative body having jurisdiction in Liberia and Greece, where the Foreign Rep may seek to recognize the Confirmation Order, is hereby respectfully requested to grant representative status to the Foreign Rep. in any foreign proceeding seeking (or supporting any applications seeking) recognition of the Confirmation

Order in Liberia or Greece as Reorganized Holdings, and provided that nothing in this Order implies or shall be argued to indicate that any party is barred or limited in any way from responding to any applications seeking recognition of this Court's orders in Liberia or Greece.

5. At the Hearing, the Court took under advisement those portions of the Proposed Order not expressly approved herein (the "Designated Portions"). The Court may issue a separate order with respect to the Designated Portions at a later date.

6. The contents of the Motion, as modified herein, and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and no other or further notice of the Motion or the entry of this Order shall be required.

7. Any Bankruptcy Rule (including Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

8. Reorganized Holdings is authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

9. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DATED: New York, New York
December 20, 2024

/S/ John P. Mastando III
HON. JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE