The Court will hear the parties on this application during the public conference on December 23, 2024, at 9:30 am in 23cv7331. Parties should call 646 453-4442 and enter conference id 358639322 followed by #.

SO ORDERED.

*[signature]*
LEWIS J. LIMAN
United States District Judge

Date: 12/20/24

**goulston&storrs**

Nicholas Cutaia
ncutaia@goulstonstorrs.com
(212) 878-5065 (tel)

**VIA ECF**                                                                             December 20, 2024

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

       Re: *In re Eletson Holdings Inc.*, No. 24-cv-08672-LJL
         [rel. 23-cv-07331-LJL; 24-cv-05096-LJL]

Dear Judge Liman:

  Before the Court is a *Stipulation and Agreement to Dismiss Appeal Under Rule 8023 of the Federal Rules of Bankruptcy Procedure*. Dkt. No. 9 (the "Stipulation"). Reed Smith LLP ("Reed Smith"), despite not being counsel of record for Eletson Holdings Inc. ("EHI"),[1] has requested that the Court delay action on the Stipulation. Dkt. No. 10.

  The reason for this request is now evident. The appearance of a viable appeal serves as a crucial element in a coordinated multi-jurisdictional challenge by EHI's former shareholders, working through Reed Smith (EHI's terminated counsel), to contest the Bankruptcy Court's previous decisions and orders. A key component of this strategy involves improperly interfering with what should be a straightforward Liberian recognition proceeding. Initial papers in response to that maneuver are due on December 26, 2024. Accordingly, EHI requests that the Court enter the Stipulation forthwith and set a hearing for other relief.

  As this Court is aware, on November 4, 2024, the Bankruptcy Court entered the Confirmation Order approving the Plan.[2] Post-confirmation, EHI continues to exist and has been re-capitalized.[3] The Plan resulted in the creation of a new Board of Directors after the automatic resignation of the former board.[4] The Confirmation Order mandated that the Debtors and those

---

[1]  This Firm is the only representative of EHI before this Court. Dkt. No. 7. The Appeal (Dkt. No. 24-cv-08672-LJL) was filed on November 14, 2024 ("Appeal"), after entry of the Confirmation Order. *See* Fn. 2.

[2]  Reference is made to *In Re:* Reorganized Eletson Holdings, Inc. *et al*., Bankr. S.D.N.Y. 1:23-10322-JPM ("Bankr. Dkt."). On October 25, 2024, the Bankruptcy Court issued a decision (Bankr. Dkt. No. 1212 ("Confirmation Decision")) endorsing the *Petitioning Creditors' Amended Joint Chapter 11 Plan of Reorganization of Eletson Holdings Inc. and Its Affiliated Debtors* (Bankr. Dkt. No. 846, Ex. 1 (as amended, the "Plan")), and on November 4, 2024, the Bankruptcy Court entered a confirmation order (Bankr. Dkt. No. 1223 ("Confirmation Order")). The Plan went effective on November 19, 2024 ("Effective Date"). Bankr. Dkt. No. 1258. The Plan terminated Reed Smith's representation of EHI as of the Effective Date. Plan, Section 2.5(a), Section 10.6. Reed Smith has stated it "has never taken the position that it represents Reorganized Holdings. Reed Smith's representation of Holdings in these proceedings was terminated upon the occurrence of the Effective Date." Bankr. Dkt. No. 1287 ("Sanctions Opp.") at 30.

[3]  The Plan defines "Reorganized Holdings" as "reorganized Eletson Holdings from and after the Effective Date." *See* Plan, Section 1.121. It is the same entity. All existing shares have been canceled and new shares were issued to the Creditors and Rights Offering Participants (as defined in the Plan). *Id.*, Article V.

[4]  *Id.*, Section 5.10. Contrary to aspersion cast by Reed Smith, that these board members were selected by the Petitioning Creditors is not nefarious and was specifically contemplated by the Plan. *Id.*, Section 10.6.

The Honorable Lewis J. Liman
December 20, 2024
Page 2 of 4

acting on its behalf were required to "cooperate" with efforts and not "interfere" with the implementation and consummation of the Plan.[5]

### The Greek Order Purportedly Appointing a "Provisional Board of Directors"

Reed Smith is not EHI's representative. Yet, Reed Smith says it represents EHI as counsel to a "provisional board of directors" of EHI that was purportedly appointed as a result an *ex-parte* order obtained from a Greek court on November 11, 2024 ("Greek Order").[6]

This secret legal maneuver, detailed in sanctions motions before Judge Mastando, allegedly created a "ghost EHI" with a "shadow Board."[7] This is absurd. There is only EHI with one board. The "provisional board" has no authority; all directors of EHI were deemed to have resigned on the Effective Date.[8] Damaging as the confusion sown by the false board's alleged existence is, the harm is exacerbated by the pendency of the Appeal filed by a now terminated counsel.[9]

### Weaponization of the Appeal to Interfere with the Liberian Recognition Proceeding

During the sanctions hearing, on December 16, 2024, Judge Mastando appointed Adam Spears the sole foreign representative for EHI in Liberia and Greece.[10] Ignoring this, using the Greek Order and *the pendency of the Appeal*, the same actors who are subject to the contempt motion before Judge Mastando, by and through their foreign legal counsel, purportedly on behalf of EHI, moved to prevent recognition of the Plan and Confirmation Order ("Filings") in Liberia.[11] These actions were not authorized by EHI's current board of directors.[12] The Filings are a masterwork of confusion and misrepresentations:

*First*, the Appeal is mischaracterized. Respondent's Returns, p.4 ("The judgment sought to be recognized and enforced is the subject of an appeal that has not been determined. Whilst this appeal may not have automatically under US law the effect of stay of execution or enforceability, it is obvious that if the petition is upheld and the Petitioner is allowed to apply the judgment within Liberia and change the corporate structure and governess [sic] of the Respondent, then the above appeal will be in practice totally neutralized, it will have no realistic purpose to be judicially determined."). Reed Smith does not have the authority on behalf of any party to this case to

---

[5] Confirmation Order, ¶ 5(i) & ¶ 12. These obligations extended to the "respective present or former employees, agents, officers, directors, principals, and affiliates" of EHI and all former shareholders. *Id.*

[6] A translated copy of the Greek Order is annexed as **Exhibit A**.

[7] Bankr. Dkt. Nos. 1269, 1292, 1293, 1299, 1300.

[8] Plan, Section 5.10(c).

[9] Who Reed Smith actually represents is uncertain. It says it is the "provisional board." Regardless, it admits to being a collaborator in the efforts in Greece and presumably Liberia. Bankr. Dkt. No. 1317.

[10] Bankr. Dkt. No. 1326 ("Foreign Representative Order"). A copy of the Foreign Representative Order is annexed as **Exhibit B**.

[11] Copies of the Filings (*i.e.*, "Movant's Motion" and "Respondent's Returns") are annexed as **Exhibit C**.

[12] Although the motion and the opposition to recognition is frivolous, they certainly will lead to delay in the Liberian judicial process.

The Honorable Lewis J. Liman
December 20, 2024
Page 3 of 4

challenge the dismissal. Even if it did, the Confirmation Order applies and any claim it cannot based on Liberian or Greek law (or lack of authority) was not raised below and has been waived.[13]

*Second*, the Filings misrepresent that "[t]he bankruptcy proceedings were initiated in bad faith." Respondent's Returns, p.5. These statements are false. The Bankruptcy Court found that the Plan, proposed by the Petitioning Creditors (as defined in the Plan), was proposed in good faith. Such a finding is required for confirmation.[14] Moreover, in a related matter, Your Honor rejected the exact same claim of bad faith now recycled in Liberia. *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 716 F. Supp. 3d 242, 318 (S.D.N.Y. 2024) ("[t]here was no finding, nor apparently could there have been one, by the bankruptcy court that the involuntary petitions did not qualify or that the petition was filed in bad faith."). Your Honor also recognized that the voluntary conversion to Chapter 11 acted to withdraw any bad faith allegations. *Id*. That this finding was not placed before the Liberian court is shocking.[15]

*Third*, the Filings falsely claim that EHI's "current Board of Directors have authorized [Liberian counsel] to file [the Returns] challenging the recognition and enforcement of the judgment," (Respondent's Returns, p. 8), which, as explained above, is not true. The Bankruptcy Court appointed Mr. Spears to act as the official "Foreign Representative" of Reorganized Holdings in recognition proceedings in Liberia, which should be a simple ministerial act. The efforts to appear and oppose recognition in Liberia is a deliberate violation of the Plan and Confirmation Order. Confirming Order at ¶ 5(i) & ¶ 12.

**Conclusion**

In light of the foregoing, EHI solicits this Court's assistance in putting an end to these obstructive maneuvers. The Court's entry of an order endorsing the Stipulation will remove the pretext on which the disgruntled former shareholders continue to hold up EHI's business operations and the implementation of the confirmed Plan.[16]

---

[13] Indeed, these arguments concerning Liberian and Greek law were never raised during the Bankruptcy Case nor cited in the Statement of Issues in the Appeal. *See In re Ditech Holding Corp.*, 2024 WL 4707911, at *8 (S.D.N.Y. Nov. 7, 2024) ("The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, and where that party has had ample opportunity to make the point in the [lower] court[s] in a timely manner, waiver will bar raising the issue on appeal.") (quoting *United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977)).

[14] Confirmation Decision at p. 96 ("[T]he Court finds that the Petitioning Creditors have acted in good faith within the meaning of Section 1129(a)(3)."); Confirmation Order at ¶ DD (same).

[15] This failure, among other things, will be the basis for subsequent motion practice before the Court.

[16] EHI reserves the right to seek additional relief from this Court including an order enjoining the so called "provisional board of directors" of EHI, and anyone purporting to act on their behalf, from retaining counsel and taking action purportedly on behalf of EHI. For example, this week, EHI also learned that Reed Smith has improperly initiated a proceeding in the United Kingdom to recognize and/or enforce the JAMS arbitration proceeding (purportedly on behalf of Eletson Gas, representation of which was also terminated, and without authority), despite the stayed pending proceeding before this Court and despite Reed Smith's acknowledgement that it does not represent EHI.

The Honorable Lewis J. Liman
December 20, 2024
Page 4 of 4

       Thank you for your attention to this matter.

                                               Respectfully submitted,

                                               */s/ Nicholas Cutaia*

                                               Nicholas Cutaia

cc:    All counsel via ECF
        Jennifer Furey (*pro hac vice* application forthcoming)
        Nathaniel R.B. Koslof (*pro hac vice* application forthcoming)